United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BANK OF NEW YORK MELLON,

    Plaintiff,

    v.

PAUL COPPOCK,

    Defendant.
_____/

No. C 11-4143 PJH

**ORDER REMANDING CASE**

Defendant Paul Coppock removed this action from the Superior Court of California, County of Alameda, on August 23, 2011, alleging federal question jurisdiction. The court has reviewed the notice of removal and the state court complaint, and finds that the case must be remanded for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party

seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint). Federal question jurisdiction may not raised in a defense or counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

The complaint at issue was filed in Alameda County Superior Court on July 26, 2011, by plaintiff The Bank of New York Mellon, Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for the Registered Holder of Novastar Mortgage Funding Trust, Series 2006-MTA1, Novastar Home Equity Loan Asset-Backed Notes, Serices 2006-MTA1 ("BNYM").

The complaint alleges a single cause of action under state law, for unlawful detainer to recover possession of property following a non-judicial foreclosure sale of the property on May 19, 2011 to BNYM. A copy of the Trustee's Deed Upon Sale is attached as an exhibit to the complaint. The complaint asserts that following the sale, defendant remained in possession of the premises without BNYM's permission. The complaint alleges that on June 26, 2011, BNYM served defendant with a three-day notice to vacate the property, and that as of the date the complaint was filed, defendant remained in possession of the property.

The notice of removal alleges no facts from which the court could determine that it has federal question jurisdiction under 28 U.S.C. § 1331. Defendant asserts that he "complains of various willful acts which are attempts at deprivation of fundamental rights as guaranteed and protected by the [United States] Constitution [and various federal laws and treaties] and/or by federal law, and which deprivations constitute numerous civil violations

of 42 U.S.C. [§] 1983." Notice of Removal ¶ 6.

Defendant also claims that he has "raised substantive issues in the state case," which implicate such "willful deprivation of rights." Id. ¶ 7. He adds that issues such as "who is the proper holder of title to the subject property . . . cannot be determined in a limited case of unlawful detainer," and that to require him to proceed in such a forum "would be a deprivation of rights and not in the interest of justice." Id. ¶ 8.

While defendant purports to remove the action under federal question jurisdiction by asserting that he has defenses based on violations of federal statutes, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action. Rather, the complaint alleges only a single claim under California Code of Civil Procedure 1161a. As no federal question is raised in the complaint, there is no federal question jurisdiction.

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00. The complaint specifies on the caption page that the demand "less than $10,000.00." The complaint seeks restitution of the premises, damages in the amount of $60.00 per day for each day that defendant occupies the premises from the expiration of the notice to quit through entry of judgment, and costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $60.00 per day that BNYM is seeking in damages. Thus, if BNYM prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.

Accordingly, as the court lacks subject matter jurisdiction, the action is hereby REMANDED to the Alameda County Superior Court. Defendant's application to proceed in forma pauperis is DENIED as moot.

**IT IS SO ORDERED.**

Dated: August 26, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

3